[No. B233820. Second Dist., Div. Three. Dec. 15, 2011.]

SKY SPORTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HECTOR HOGAN et al., Real Parties in Interest.

COUNSEL

Bent Caryl & Kroll, Sergio Bent, Jesse M. Caryl and Steven M. Kroll for Petitioner.

No appearance for Respondent.

Law Offices of Morris Nazarian, Morris Nazarian; Schwartz Wisot and Bruce Schwartz for Real Parties in Interest.

OPINION

**ALDRICH, J.**—Petitioner Sky Sports, Inc., doing business as Sky Security Services (the company), seeks a writ of mandate, directing the respondent court to vacate an order finding that it has waived its right to compel arbitration in this class action lawsuit, which seeks damages and penalties for rest break violations (Lab. Code, §§ 203, 226.7). The company raised the arbitration issue to defeat class certification. The company maintained that the putative class representative, Hector Hogan, was not an adequate class representative because his claims were not typical of the majority of the class who had signed arbitration agreements. Although Hogan had not signed the company's arbitration agreement, we must determine if the company waived its right to enforce the agreements because it did not move to compel arbitration before certification of a class that included parties to the agreement. We conclude the statutory requirements to compel arbitration under Code of Civil Procedure section 1281.2[1] were not satisfied until the class was certified. Thus, any purported delay in bringing the motion does not constitute a waiver of the right to move to compel arbitration. We grant the petition for mandate to permit the company to file a motion to compel arbitration.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Hogan filed a class action complaint against the company seeking damages and penalties for failure to provide rest breaks. (Lab. Code, §§ 203, 226.7.) The putative class was defined to include "employees who worked in

---

[1] Unless otherwise designated, all further statutory references are to the Code of Civil Procedure.

[2] The company also sought a writ of mandate, directing the trial court to vacate its order certifying the class. Since the company has an adequate remedy at law, we deny the requested relief.

non-exempt positions performing services as licensed security guards . . . ." In its answer to the class action complaint, the company asserted as an affirmative defense that the complaint was barred by a mandatory arbitration agreement. Hogan, however, did not sign an arbitration agreement.

1. *Trial Court Determines Company Waived Its Right to Enforce Arbitration Agreements Signed by Putative Class Members*

On November 16, 2009, Hogan moved to certify a proposed class of "all current and former licensed security guards" employed by the company from November 14, 2004, to the present. About eight months later, in supplemental briefing, the company first raised the arbitration agreements to defeat class certification. The company maintained that Hogan was not an adequate class representative and could not use the class action procedure to defeat an otherwise enforceable arbitration agreement.

On July 22, 2010, the trial court issued a tentative ruling granting the class certification motion, certifying the class as all "current and former licensed security guards employed by [the company] from November 14, 2004 to the present." Hogan was appointed the class representative. After oral argument, the trial court took the matter under submission.

Ruling on the submitted matter, the trial court issued an interim order, requesting that the company lodge, under seal, a list that identified those putative class members who signed arbitration agreements. The company's list revealed that a high percentage of the putative class signed arbitration agreements.

Following the submission of the arbitration agreements, the trial court issued a tentative ruling denying class certification because the "arbitration agreements entered into by the great majority of the class members trump the procedural mechanism by which plaintiff Hogan seeks to consolidate these claims." The trial court also rejected Hogan's argument that the company waived the right to compel arbitration. The trial court viewed the company's one-year delay in raising the issue as unreasonable, but concluded that the delay was not sufficient by itself to waive the right to compel arbitration.

On April 18, 2011, the trial court announced its ruling on the class certification motion and certified a class that included a high percentage of

employees who had signed arbitration agreements. The trial court's order stated that the company waived its right to arbitration due to the unreasonable delay in bringing the petition to compel arbitration, citing section 1281.2, subdivision (a).

### 2. *Petition for Writ of Mandate*

The company sought a writ of mandate, directing the respondent court to vacate its order that the company waived its right to enforce the arbitration agreements. We informed the trial court and parties that we were considering the issuance of a peremptory writ of mandate in the first instance to vacate only the arbitration order and to permit the company to bring a motion to compel arbitration. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1239–1240 [82 Cal.Rptr.2d 85, 970 P.2d 872]; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178–180 [203 Cal.Rptr. 626, 681 P.2d 893].) Our order stated that a "motion to compel the named plaintiff Hector Hogan to arbitrate before a ruling on the class certification motion would have been premature because Hogan was not a party to an arbitration agreement." We stayed the proceedings and asked the parties to brief this issue.

### DISCUSSION

Section 1281.2 sets forth the procedure to compel arbitration of parties to an arbitration agreement. "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy . . . unless . . . [¶] (a) The right to compel arbitration has been waived by the petitioner . . . ." (§ 1281.2.)[3]

As stated, we must determine if the company waived its right to compel arbitration because it did not bring the motion before certification of a class that included parties to the arbitration agreement. This is a legal issue, which we consider de novo. (*Lee v. Southern California University for Professional Studies* (2007) 148 Cal.App.4th 782, 785 [56 Cal.Rptr.3d 134] (*Lee*).)

■ Arbitration is a matter of contract, and ordinarily someone not a party to an arbitration agreement cannot be compelled to arbitrate. (§ 1281.) The

---

[3] If no lawsuit is pending, a petition rather than a motion must be filed to commence the proceedings. (§ 1290.)

company contends none of the limited exceptions to compel a nonsignatory to arbitration apply here, and until the class was certified to include a signatory to the arbitration agreement, it would have been premature to bring a motion to compel. Section 1281.2 supports the company's position.

To compel arbitration under section 1281.2, there must be a "written agreement to arbitrate a controversy," and a "party thereto refuses to arbitrate such controversy." As construed in *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633 [104 Cal.Rptr.3d 824], "[t]he Legislature plainly intended section 1281.2 to provide a procedural device for enforcing the parties' written arbitration agreement if one or more of the parties would not agree to such arbitration." (*Id.* at p. 641.) Thus, to bring a motion to compel arbitration, a party must plead and prove: "(1) the parties' written agreement to arbitrate a controversy . . . ; (2) a request or demand by one party to the other party or parties for arbitration of such controversy *pursuant to and under the terms of their written arbitration agreement*; and (3) the refusal of the other party or parties to arbitrate such controversy *pursuant to and under the terms of their written arbitration agreement*." (*Ibid.*, citation omitted.)

The company could not bring a motion to compel Hogan to arbitrate because he was not a party to the company's arbitration agreement. (§ 1281.2.) The company also could not compel Hogan to arbitrate merely because the complaint defined the class to include employees who had signed arbitration agreements. (*Lee, supra,* 148 Cal.App.4th at pp. 786–787).

In *Lee, supra,* 148 Cal.App.4th 782, the university brought a motion to compel the plaintiff, a nonparty putative class representative, to arbitrate the claims she filed on behalf of a class that included students who signed arbitration agreements. (*Id.* at p. 785.) The trial court denied the motion. (*Ibid.*) The Court of Appeal found unpersuasive the university's argument that since Lee filed a class action, and some of the members of the potential class signed arbitration agreements, Lee was required to arbitrate her claims. (*Lee, supra,* 148 Cal.App.4th at pp. 785–786.) The university's flawed conclusion ignored the most fundamental principle that arbitration requires consent. (*Id.* at p. 786.) Even though Lee sought to represent a class, some of whom signed arbitration agreements, she was the only plaintiff before the court and was not bound by an arbitration agreement. (*Ibid.*) As a putative class representative, Lee could not be compelled to arbitrate based upon the class definition in her complaint. Lee had not filed her class certification motion, and the court noted that she might narrow the definition of the class to include only those students who did not sign arbitration agreements. (*Ibid.*)

■ We are not persuaded by Hogan's attempt to distinguish *Lee, supra,* 148 Cal.App.4th 782. We agree with *Lee* and reject Hogan's argument that the company should have brought a motion to compel arbitration based upon the class definition in the complaint. Up until Hogan brought the class certification motion, he could have narrowed the class to include only those employees who did not sign arbitration agreements. When he moved to represent a class, some of whom had signed arbitration agreements, the company opposed class certification by raising the arbitration issue to show Hogan's claims were not typical of the class he sought to represent. Instead of resolving the class issues, the trial court effectively voided the arbitration agreements because the appointed class representative did not sign the company's agreement. A class action is a procedural device and cannot be used to subvert an otherwise enforceable contract. (See *Vernon v. Drexel Burnham & Co.* (1975) 52 Cal.App.3d 706, 715–716 & fn. 4 [125 Cal.Rptr. 147].)

■ We follow *Lee, supra,* 148 Cal.App.4th 782, to its logical conclusion. We assume that had the company brought a motion to compel arbitration before class certification, the trial court would have denied the motion because Hogan was not a party to the arbitration agreement. Thus, any delay in bringing the motion to compel arbitration until the class was certified to include parties to the arbitration agreement cannot constitute a waiver by the company. Until the class was certified, the pleading requirements to move to compel arbitration under section 1281.2 were not satisfied. (*Mansouri v. Superior Court, supra,* 181 Cal.App.4th at p. 641.)

Hogan raises several arguments related to the merits of a motion to compel arbitration that are not at issue in this petition. We express no opinion on the outcome of the motion to compel arbitration, only that the company is entitled to file a motion to compel arbitration under section 1281.2 before it is denied. Under these circumstances, the company has no adequate remedy at law. We therefore conclude this matter is one in which issuance of a peremptory writ of mandate in the first instance is appropriate. (*Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d at pp. 178–180.)

## DISPOSITION

Let a peremptory writ of mandate issue, directing the trial court to vacate its order denying the company's motion to compel arbitration and to permit

the company to bring a motion to compel arbitration pursuant to section 1281.2. In all other respects the petition is denied. The temporary stay, having served its purpose, is lifted. Each party is to bear its own costs.

Klein, P. J., and Croskey, J., concurred.