Filed 7/17/13  Insatiable Assets v. Greenberg Glusker et al. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| INSATIABLE ASSETS,<br><br>    Cross-Complainant and Respondent,<br><br>v.<br><br>GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER,<br><br>    Cross-Defendant and Appellant. | B239095<br><br>(Los Angeles County<br>Super. Ct. No. BC395558) |

APPEAL from an order of the Superior Court of Los Angeles County, Zaven Sinanian, Judge.  Reversed.

Hill, Farrer & Burrill, Kevin H. Brogan, Neil D. Martin and Dean E. Dennis for Cross-Defendant and Appellant.

Schock & Schock and John P. Schock for Cross-Complainant and Respondent.

_____

## INTRODUCTION

This is an appeal from an order denying a motion to compel arbitration of a cross-complaint based on a stipulation as to parties not mentioned in the stipulation or related documents. We reverse.

## FACTUAL AND PROCEDURAL SUMMARY

In October 2011, Greenberg Glusker Fields Claman & Machtinger LLP (Greenberg Glusker), as cross-defendant, filed a motion to compel arbitration "of all claims against Greenberg Glusker except those brought by Sierra Madre" against "Cross-Complainants Dorn-Platz[;] Greg Galletly[;] Insatiable Assets, LLC[;] DLG Family Limited Partnership[;] and One Carter Investors, LLC[,]" on the ground Greenberg Glusker "and Cross-complainants" agreed to compromise an appeal by submitting their dispute to arbitration.

As summarized by Greenberg Glusker in its motion, "this is a complex (if not convoluted) lawsuit involving a real estate transaction which cratered due to the crash in the Southern California real estate market. The principal litigants are Dorn Platz Properties, Inc. and its affiliates (collectively '[]Dorn Platz[]') and Sierra Madre Investors LP and its affiliates (collectively '[]Sierra Madre[]'). Reduced to its essentials, Sierra Madre alleges that Dorn Platz defrauded it into making a $4.4 million real estate investment and that Dorn Platz breached various fiduciary duties which it owed to Sierra Madre." Sierra Madre also asserted a claim against attorney Howard Weinberg and the law firm of Greenberg Glusker "alleging they had conspired with Dorn Platz to defraud Sierra Madre." Then "Dorn Platz filed its own cross-complaint against Howard Weinberg and Greenberg Glusker alleging that all Dorn Platz did in respect of Sierra Madre it did based upon Howard Weinberg's advice. Thus Dorn Platz contends that if it acted improperly in any fashion, Howard Weinberg, not Dorn Platz, should be responsible. The Dorn-Platz first amended cross-complaint ('[]Dorn-Platz Cross-Complaint[]') [for "negligence and indemnity"] has as parties cross-complainant Dorn-

2

Platz Properties[,] Inc.[;] One Carter Investors, LLC[;] Insatiable Assets[;] DLG Family Limited Partnership[;] and Greg Galletly."

In addition to arguments now abandoned in its opening brief, Greenberg Glusker argued counsel for all of these entities had "confirmed the agreement to arbitrate" at a hearing on an ex parte application to continue the trial date when he stated: "Greenberg Glusker and I have settled our case. [¶] As far as the appeal, we're going to dismiss the appeal. We've agreed to go to arbitration after the conclusion of the trial here. So I've been working very hard to kind of clean this up so we can have a trial." Further, Greenberg Glusker argued, its counsel (Kevin Brogan) drafted a stipulation reciting that "'Dorn Platz agrees to promptly dismiss *the cross-complaint* without prejudice and as soon as it does so, Greenberg Glusker will dismiss its appeal in Case No. 2nd Civil No. B220641 which is pending in the California Court of Appeal.' ([E]mphasis added.) Mr. Schock [counsel for Dorn-Platz as well as other parties] signed the stipulation and returned it on December 3, 2010."

"On December 7, 2011 [sic, 2010], Mr. Schock filed a request for dismissal of the Dorn-Platz cross-complaint . . . and did not purport to limit the dismissal to the claims of Dorn-Platz only. . . .

"Greenberg Glusker dismissed its appeal as to all parties under the terms of the settlement. . . ." Thereafter, "the Sierra Madre parties and the Dorn-Platz parties settled. . . . In addition, the parties were realigned. Sierra Madre became the manager of One Carter Investors and Sierra Madre's lawyers substituted in as counsel. So the former adversaries now have the same lawyers."

In addition to a separate opposition filed by One Carter Investors, LLC and Sierra Madre Investors, LP, "Cross-complainants Insatiable Assets, LLC[;] DLG Family Limited Partnership[;] and Greg Galletly," opposed Greenberg Glusker's Motion to Compel Arbitration. They noted the trial court had denied Greenberg Glusker's motion to compel these parties to arbitration (premised on a 1997 retainer agreement with Dorn-

3

Platz Properties Inc. specifically relating to a different project which Greenberg Glusker argued applied to all subsequent work as well as all other cross-complainants) two years earlier.

In addition, according to the supporting declaration of John P. Schock, counsel for Dorn-Platz Properties, Inc.; Greg Galletly, DLG family Limited Partnership; and Insatiable Assets, LLC (and former counsel for One Carter Investors LLC), "[in] December 2010, after the initial settlement understandings between Weinberg, Sierra Madre and Dorn Platz Properties, Inc., and the other cross[-]defendants did not result in a consummated settlement, my client and I decided to figure out an economic way to put some economic pressure on Greenberg Glusker to force them []to enter some kind of settlement without involving Sierra Madre. My clients no longer had the ability to fund the continuing litigation. We had all of the evidence and witnesses we felt we need [sic] to prove that Greenberg Glusker was liable for the actions of Weinberg. Greenberg Glusker had appealed the court[']s ruling denying the [prior] Petition to Arbitrate. With the failure of the settlement, the issues of liability and damages against Weinberg for the issues raised by Sierra Madre did not appear likely to be resolved in the near future. We decided to see if we could get Greenberg Glusker to agree to arbitrate, pursuant to the claimed Retainer Agreement [attached as an exhibit] the claim of my client Dorn-Platz Properties, Inc., [It would only suffer damages if it was found liable to Sierra Madre] that they were responsible for the actions of Weinberg, but preserving the litigation claims of my other clients, Greg Galletly, DLG Family Limited Partnership, Insatiable Assets LLC, and One Carter Investors LLC (which I still represented at that time) against Weinberg and Greenberg Glusker. The idea being if we prevailed, we would have a very powerful tool to seek settlements on behalf of the other claimants."

Schock said what he proposed and agreed to with counsel for Greenberg Glusker (Kevin Brogan) was to have Dorn-Platz and only Dorn-Platz, the only party to the August 27, 1997 retainer agreement with Greenberg Glusker, arbitrate claims between the two in

4

exchange for dismissal of the pending appeal. Consequently, the stipulation (drafted by Brogan), the dismissal of the cross-complaint and the dismissal of the appeal identified only Dorn-Platz, and did not refer to Greg Galletly, DLG Family Limited Partnership, Insatiable Assets LLC, and One Carter Investors LLC. "Then everything changed again in early 2011, when the parties were able to revive the original settlement between Weinberg, Sierra Madre, Dorn Platz Properties, Inc., Greg Galletly, DLG Family Limited Partnership, Insatiable Assets, LLC, or [sic] One Carter Investors LLC, leaving only the claims against Greenberg Glusker." At that point, Greenberg Glusker "now was claiming the arbitration would include all claimants." He said Greenberg Glusker mischaracterized his statements at the December 7, 2010, ex parte hearing to continue the trial date where he was "trying to not say anything direct" as he had not yet received a signed settlement.

Moreover, Schock said, neither Brogan nor anyone else had argued before the pending motion he had also dismissed the claims of Greg Galletly, DLG Family Limited Partnership, Insatiable Assets LLC, and One Carter Investors LLC, contrary to the "clear and unambiguous" language of the stipulation.

After hearing argument and taking the matter under submission, the trial court denied Greenberg Glusker's motion to compel arbitration, finding no evidence whatsoever that Greg Galletly, DLG Family Partnership, Insatiable Assets or One Carter Investors had agreed in writing to arbitrate their dispute with Greenberg Glusker as required under Code of Civil Procedure section 1281.2.[1]

Greenberg Glusker appeals.

---

[1]    As relevant, this statute provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." (Code Civ. Proc., § 1281.2.)

5

*DISCUSSION*

According to Greenberg Glusker, notwithstanding the express references to Dorn-Platz only in the stipulation for arbitration (and related documents), and not to Greg Galletly, DLG Family Limited Partnership or Insatiable Assets, the trial court erred in denying Greenberg Glusker's motion to compel arbitration as to these additional parties. We agree.

Arbitration requires consent. (*Lee v. Southern California University for Professional Studies* (2007) 148 Cal.App.4th 782, 786; see, e.g., *Sparks v. Vista Del Mar Child & Family Services* (2012) 207 Cal.App.4th 1511, 1518 ["'arbitration cannot be compelled absent an arbitration agreement'"].) "[T]he parties must mutually agree to resolve their disputes in an alternate forum. 'The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration.'" (*Ibid.*) Moreover, parol evidence may not be used to create a contract the parties did not intend to make or to insert language one of the parties now wishes had been included in their agreement. (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1126 (*Wolf*); *Principal Mutual Life Ins. Co. v. Vars, Pave, McCord & Freedman* (1998) 65 Cal.App.4th 1469, 1478.) Nonetheless, extrinsic evidence is admissible to interpret a written agreement, including an agreement to arbitrate, when a material term is ambiguous. (Code Civ. Proc., § 1856, subd. (g); *Pacific Gas & E. Co. v. G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 37 [if extrinsic evidence reveals that apparently clear language in the contract is, in fact, susceptible to more than one reasonable interpretation, then extrinsic evidence may be used to determine the contracting parties' objective intent].)

Here, although the December 2010 stipulation for binding arbitration of the cross-complaint against the Greenberg Glusker firm identifies only "cross complainant Dorn-Platz Properties, Inc. ('Dorn-Platz')," and not the other cross-complainants—One Carter Investors, LLC, Insatiable Assets, DLG Family Limited Partnership and Greg Galletly —

6

Greenberg Glusker contends the parties' intent was that the entire cross-complaint be submitted to arbitration. In light of the extrinsic evidence proffered by Greenberg Glusker, the stipulation is reasonably susceptible to this interpretation. (See *Wolf, supra,* 162 Cal.App.4th at p. 1133 ["a contract apparently unambiguous on its face may still contain a latent ambiguity that can only be exposed by extrinsic evidence"].) Accordingly, that evidence is properly considered to construe the parties' agreement. (*Id*. at pp. 1126-1127 ["When the meaning of the words used in a contract is disputed, the trial court engages in a three-step process. First, it provisionally receives any proffered extrinsic evidence that is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. [Citations.] If, in light of the extrinsic evidence, the language is reasonably susceptible to the interpretation urged, the extrinsic evidence is then admitted to aid the court in its role in interpreting the contract. [Citations.] When there is no material conflict in the extrinsic evidence, the trial court interprets the contract as a matter of law. [Citations.] This is true even when conflicting inferences may be drawn from the undisputed extrinsic evidence [citations] or that extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation."].)

Aided by the extrinsic evidence in this case, we are persuaded that the parties intended to arbitrate the entire dispute between Greenberg Glusker, on the one hand, and Dorn-Platz and the other cross-complainants, on the other hand, and that all cross-complainants are properly ordered to arbitration.

After answering the first amended cross-complaint, Greenberg Glusker moved to compel arbitration by all the cross-complainants, alleging an earlier retainer agreement between the law firm and Dorn-Platz itself contained an arbitration provision that covered the claims asserted in the cross-complaint by both Dorn-Platz and what the firm referred to as "entities owned or controlled by Dorn-Platz." After the trial court denied the motion, finding the current dispute did not fall within the scope of the earlier arbitration agreement, Greenberg Glusker filed a notice of appeal in this court (on November 25,

7

2009). All the cross-complainants, not only Dorn-Platz, were parties to the appeal; and the respondents' brief was filed on behalf of all of them by their counsel, John P. Schock.

According to the declaration of Kevin Brogan, counsel for Greenberg Glusker, after an unsuccessful mandatory settlement conference held during the pendency of the appeal, Schock offered to arbitrate the cross-complaint if Greenberg Glusker would dismiss its appeal of that issue. (A different appeal was also pending at that time on another issue in the litigation with Sierra Madre Investors LP and was not affected by this agreement.) Brogan on behalf of Greenberg Glusker agreed.

Three weeks later, during a hearing on an ex parte application to continue the trial in the matter, Schock told the court the appeal of the arbitration motion was no longer a reason to delay the trial because there was an agreement to dismiss it: "Greenberg and Glusker and I have settled our case. As far as the appeal, we're going to dismiss the appeal. We've agreed to go to arbitration after the conclusion of the trial here." In context, we conclude Shock's statement to the court can only mean the parties' agreement was to arbitrate the cross-complaint, not simply a piece of it, after any trial of the main claims, and to dismiss Greenberg Glusker's appeal. Any other construction of this language makes no sense—Greenberg Glusker had consistently sought to arbitrate the entire cross-complaint; its appeal was premised on that goal; and the issues involving the various cross-complainants were largely (if not entirely) the same.

To be sure, the stipulation for binding arbitration and the request for dismissal of the cross-complaint identify only Dorn-Platz and Greenberg Glusker, and omit any specific reference to One Carter, Insatiable Assets, DLG or Galletly. This appears to have been an oversight by Brogan, who prepared the documents and was not as careful as he might have been in identifying all of Schock's clients. Nonetheless, both documents clearly refer to "the cross-complaint," not just Dorn-Platz's separate claim for indemnity; and the appeal involving all these entities was dismissed as contemplated by the parties' agreement and stipulation. Moreover, the same language—the cross-complaint filed by Dorn-Platz Properties, Inc. without reference to the other cross-complainants—was used

8

by Schock in his request for dismissal of claims against Howard Weinberg filed several months later.  When counsel for Weinberg inquired by email whether that language was adequate to effect dismissal of the cross-complaint as to the other cross-complainants, Schock stated in response he read the language as covering all cross-complainants.  Although this statement was made in connection with a different document, this predispute postcontracting conduct by counsel for all the Dorn-Platz entities and affiliates is compelling evidence reinforcing our conclusion the stipulation for arbitration is properly construed to include not only Dorn-Platz but also the other cross-complainants.  (See *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 393 ["A party's conduct occurring between execution of the contract and a dispute about the meaning of the contract's terms may reveal what the parties understood and intended those terms to mean.  For this reason, evidence of such conduct . . . is admissible to resolve ambiguities in the contract's language."]; *Wolf, supra*, 162 Cal.App.4th at pp. 1133-1134.)  Greenberg Glusker's motion to compel arbitration should have been granted.

### *DISPOSITION*

The order denying Greenberg Glusker's motion to compel arbitration is reversed. The matter is remanded to the trial court with directions to enter a new order granting the motion.  Greenberg Glusker is to recover its costs on appeal.


                                                            **WOODS, J.**


**We concur:**



**PERLUSS, P. J.**                                          **ZELON, J.**

9