Filed 10/2/13  Merrill v. Action Education Services CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CRYSTAL MERRILL et al., | B240202 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC471835) |
| v. | |
| ACTION EDUCATIONAL SERVICES, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Anthony J. Mohr, Judge.  Affirmed in part, reversed in part, and dismissed in part.

Skapik Law Group and Geralyn L. Skapik; OsbornLaw and Richard G. Osborn; Southern California Lawyers Group and Eric Christopher Morris for Plaintiffs and Appellants.

Duane Morris LLP, Keith Zakarin, Edward M. Cramp, and Lisa K. Widdecke for Defendant and Appellant.

Crystal Merrill (Merrill) and Fi Tran (Tran) (collectively, plaintiffs) filed a putative class action against Action Educational Services, Inc. also known as West Coast University, Inc. (defendant) for fraud, misrepresentation, and violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) (UCL) and other statutes, following their enrollment in defendant's nursing school program. As part of their enrollment, plaintiffs each signed an enrollment agreement (EA) and one or more retail installment sales contracts (RICs). All of the RICs, and the EA signed by Merrill, contained a provision requiring arbitration of disputes. The EA signed by Tran did not contain an arbitration clause.

Defendant filed a petition to compel arbitration of all of plaintiffs' claims. The trial court granted the petition to arbitrate plaintiffs' individual claims under the RICs as well as Merrill's individual claims under the EA. The court denied the petition to compel arbitration of Tran's claims under the EA, and stayed those claims, along with plaintiffs' class claims and their claims under the UCL.

Defendant appeals from the trial court's order denying the petition to compel arbitration of Tran's claims under the EA. Defendant also appeals from the order staying plaintiffs' class claims. Plaintiffs appeal from the order granting the petition to compel arbitration of their individual claims under the RICs and Merrill's claims under the EA.

We reverse the order denying the petition to compel arbitration of Tran's claims under the EA. We dismiss defendant's appeal of the order staying the class claims. We also dismiss plaintiffs' appeal.

## BACKGROUND

Plaintiffs enrolled in defendant's Bachelors of Science Nursing Program between 2008 and 2009. As part of their enrollment, plaintiffs each signed an EA. The EA signed by Merrill contains an arbitration provision that provides as follows:

> "Any controversy or claim arising out of or relating to the
> Agreement, or breach thereof, not addressed by the California Education
> Code, shall be settled by arbitration in accordance with the Commercial
> Rules of the Arbitration American Arbitration Association, and judgment

2

upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction."

The EA signed by Tran contains no arbitration provision.

Merrill and Tran also signed one or more RICs.[1]  Each of the RICs incorporates by reference the terms of plaintiffs' respective EAs.  The RICs state:  "This agreement is subject to the terms and conditions in the Additional Terms of This Contract on the backside of this Contract and your Enrollment Agreement, which is incorporated herein by reference as though set forth in full."  The RICs signed by plaintiffs also contain the following arbitration provision:

> "Agreement to Arbitrate.  Either you or we may, without the other's consent, elect mandatory, binding arbitration for any dispute, claim or controversy arising out of or related to this Contract, or breach thereof, which shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction."

Plaintiffs filed the instant action, as individuals and on behalf of others similarly situated, for fraud, negligent misrepresentation, and for violations of the UCL, the false advertising law (Bus. & Prof. Code, § 17500 et seq.), and the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C.S. § 1961 et seq.) (RICO).  In their first amended complaint, plaintiffs allege that defendant's deceptive practices induced them to incur federal student loan debt in order to enroll in defendant's educational programs, but those programs failed to adequately prepare them for employment.  Plaintiffs defined the putative class as persons who relied on defendant's misrepresentations by enrolling in defendant's program and paying or owing tuition to defendant.  They also defined various subclasses to include persons who are parties to a

---

[1]     Merrill signed an EA dated April 21, 2009, and an RIC dated January 27, 2011, and Tran signed an EA dated December 13, 2008, and RICs dated August 23, 2010, November 8, 2010, and September 29, 2011.

3

purported arbitration agreement with defendant. Plaintiffs sought monetary damages, restitution, and injunctive relief, as well as their costs and attorney fees.

Defendant filed a petition to compel arbitration of all of plaintiffs' claims. In support of its petition, defendant attached copies of the EAs and RICs signed by Merrill and Tran. Plaintiffs opposed the petition to compel arbitration on the grounds that their claims fell outside the scope of the arbitration clauses, that the arbitration provisions were unconscionable, and that arbitration would bar vindication of their statutory rights.

At the hearing on the petition to compel arbitration, the trial court found that the Federal Arbitration Act governed the parties agreements. The court then stated that its tentative ruling would be to grant the petition, but "to stay the non-arbitral part of this which is really the [Business and Professions Code section] 17200 [claims]." The trial court further stated: "The arbitrator is not going to be the one who determines class certification: I'm going to handle that." Toward the end of the hearing, the trial court reiterated "I'm not going to let the arbitrator certify this class." When defendant's counsel inquired as to the basis for that decision, the court responded: "Because I think that the arbitrator will not be as qualified as a judge on this court, to be very frank about it." Defendant's counsel then argued that an arbitrator, rather than the court, should determine whether the arbitration clauses permit class arbitration and whether a class should be certified, but the trial court rejected these arguments, stating, "If the plaintiffs want to certify a class, they have to come back here and make the motion in front of me."

The trial court issued a written order stating that the arbitration provisions in the RICs and in Merrill's EA were not procedurally or substantively unconscionable; that the agreements to arbitrate were valid and enforceable; and that any arbitration would be conducted under the American Arbitration Association commercial rules. The order compels to arbitration Merrill's and Tran's individual claims under the RICs as well as Merrill's claims under the EA. The order denies the petition to compel arbitration with respect to Tran's EA, stating the reason for denial as follows:

> "Tran's [EA] has no arbitration clause. His RIC does and it incorporates the terms of his [EA]. Incorporating the [EA] into the RIC

4

does not render the [EA] subject to the arbitration. (Arguably, if the EA incorporated the RIC, then the arbitration clause would apply to the EA.)"

The trial court stayed the remainder of the case, including the class claims, the UCL claims, and Tran's claims under the EA.

Defendant filed the instant appeal, challenging the trial court's order denying the petition to arbitrate Tran's EA-related claims, and the court's ruling staying plaintiffs' class claims. Plaintiffs appeal from the order granting the petition to arbitrate their individual claims under the RICs and Merrill's claims under the EA.

## DISCUSSION

### I. Appealability of defendant's claims

Plaintiffs contend the trial court's order staying the class action claims and Tran's EA-related claims was not an appealable final order. They argue that the order staying the class claims was not final because those claims had not yet been presented to the trial court in a motion for class certification. Plaintiffs similarly argue that the trial court's ruling with respect to Tran's EA-related claims was not a final order because it contemplated further proceedings in arbitration and in the trial court. As support for this argument, they cite the following sentence in the trial court's order: "It is possible that the arbitrator may make rulings that will impact Tran's rights under the EA, and for that reason, the court also stays Tran's claims under that contract."

The record shows that the trial court denied the petition to compel arbitration of Tran's EA-related claims and did not simply stay those claims because of anticipated further proceedings. The trial court's order expressly states: "[T]he court DENIES the petition to compel arbitration with respect to Tran's Enrollment Agreement." That denial is an appealable order. (Code Civ. Proc., § 1294, subd. (a).)

The order staying plaintiffs' class claims is not appealable. That order neither directs the class claims to arbitration nor denies the arbitrability of those claims. Rather, the order staying the class claims contemplates further proceedings -- in this case, an as yet unfiled motion to certify the class. Because no class certification motion was filed,

5

issues concerning class certification and the arbitrability of plaintiffs' class claims were not before the trial court, and they are not properly before this court.

Defendant's motion to compel arbitration of plaintiffs' class claims prior to certification of the class was thus premature for two reasons: (1) the trial court lacked personal jurisdiction over the putative class members who were not yet parties to the action, and (2) until a motion to certify a class is filed, issues as to whether the action is appropriate for class treatment, whether an arbitrator or a court should certify the class, and whether class members can be ordered to arbitration, cannot be decided.

Two cases inform our analysis here, *Lee v. Southern California University for Professional Studies* (2007) 148 Cal.App.4th 782 (*Lee*) and *Sky Sports, Inc. v. Superior Court* (2011) 201 Cal.App.4th 1363 (*Sky Sports*).

The plaintiff in *Lee*, a former law student, filed a putative class action complaint against the defendant university for alleged violations of the Consumer Legal Remedies Act and the UCL. Some of the putative class members, but not Lee, had signed an arbitration agreement that the university sought to enforce by a motion to compel arbitration filed before certification of the class. The trial court denied the motion to compel arbitration and the appellate court affirmed.

Because the putative class members who had signed an arbitration agreement were not yet parties to the litigation, the appellate court in *Lee* concluded the motion to compel arbitration had been properly denied as premature. The court explained that "no grounds exist for compelling arbitration when the only plaintiff currently before the court never agreed to arbitrate her claims. The question of whether she is an adequate class representative for those who did, and all other matters pertaining to whether the action is appropriate for class treatment, are issues for the trial court to decide when Lee moves to certify the class." (*Lee, supra*, 148 Cal.App.4th at p. 784.) "Lee has not, as of yet, brought a motion to certify any class. It is quite possible that when she does so, she will seek to narrow the definition of the class to law students only, none of whom signed arbitration agreements, according to [the university's] own evidence. She is certainly entitled to do that -- [the university] offers no authority for the proposition that a plaintiff

6

is bound by a preliminary class definition set forth in the complaint. It is also possible (and this court takes no position on this) that however Lee defines the class, any motion for class certification will be denied for other reasons. We cannot know this, of course, because there has, as of yet, been no such motion. Lee is the only plaintiff before the court at the moment, and she is not bound by an arbitration agreement; therefore, she cannot be compelled to arbitrate." (*Id.* at pp. 786-787, fn. omitted.)

In *Sky Sports*, Division Three of this district considered a related issue: Whether the defendant's failure to bring a motion to compel arbitration prior to certification of the class constituted a waiver of the right to arbitration. The answer, the court concluded, was no. The court held that prior to certification of the class, a motion to compel arbitration would have been premature because, as in *Lee*, the sole plaintiff before the court -- the proposed class representative, Hogan -- had not signed an arbitration agreement. Accordingly, the court stated, if the defendant had brought a motion to compel arbitration prior to certification of the class, "the trial court would have denied the motion because Hogan was not a party to the arbitration agreement. Thus, any delay in bringing the motion to compel arbitration until the class was certified to include parties to the arbitration agreement cannot constitute a waiver by the company. Until the class was certified, the pleading requirements to move to compel arbitration under [Code of Civil Procedure] section 1281.2 were not satisfied. [Citation.]" (*Sky Sports, supra*, 201 Cal.App.4th at p. 1369.) The court further noted that "until Hogan brought the class certification motion, he could have narrowed the class to include only those employees who did not sign arbitration agreements." (*Ibid*.)

In the instant case, as in *Lee* and *Sky Sports*, defendant's motion to compel arbitration was filed before any attempt by plaintiffs to certify a proposed class. Because no motion to certify the class had been filed when the motion to compel arbitration was heard, the trial court lacked personal jurisdiction over the putative class members. Moreover, it is possible that a class certification motion, once filed, might be denied. If that occurs, the motion to compel arbitration will be moot. Defendant's petition was thus premature, to the extent it sought to compel arbitration of the class claims.

7

Because no motion to certify the class had yet been made, the issues framed by the parties in this appeal -- whether the arbitration agreements permit class arbitration; who should decide, the arbitrator or the trial court, whether plaintiffs' class action claims are arbitrable; and who should certify a proposed class -- were not properly before the trial court[2] and cannot be reviewed by this court. We therefore dismiss defendant's appeal concerning the class action claims. (See *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434 [dismissing appeal of order determining who decides arbitrability of plaintiff's claims and leaving the question of what issues are arbitrable for future determination].)

## II. Arbitration of Tran's EA claims

The trial court erred by denying the petition to compel arbitration of Tran's EA-related claims. The RICs signed by Tran each contains a provision requiring arbitration of "all disputes, claims or controversies arising out of or related to this contract." Each of Tran's RICs also contains a provision incorporating the terms of his EA into the RIC: "This agreement is subject to the terms and conditions contained in the Additional Terms of This Contract on the backside of this Contract *and your Enrollment Agreement, which is incorporated herein by reference as though set forth in full*." (Italics added.)

A party may be bound by an arbitration clause which has been incorporated by reference from another agreement. (*Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266, 1271; *Chan v. Drexel Burnham Lambert, Inc.* (1986) 178 Cal.App.3d 632, 639; *King v. Larsen Realty, Inc.* (1981) 121 Cal.App.3d 349, 357 (*King*).) In order to be bound by the arbitration agreement under these circumstances, the following standards must be met: "'[T]he reference must be clear and unequivocal, the reference must be called to the attention of the other party and [the

---

**2**      Because no issue concerning class certification was before the trial court, the trial court's comments that it, rather than an arbitrator, would certify a proposed class, provide no basis for an appeal. Those comments will not be binding on the trial court when a motion for class certification is filed, and the issue is properly before the court. An arbitrator, rather than the trial court, may be the proper decision maker for that issue. (See *Green Tree Fin. Corp. v. Bazzle* (2003) 539 U.S. 444, 452-453.)

party] must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties.'" (*Williams Constr. Co. v. Standard-Pacific Corp.* (1967) 254 Cal.App.2d 442, 454.) A valid incorporation by reference makes the document referred to part of the incorporating contract as though recited verbatim. (*King, supra*, 121 Cal.App.3d at p. 357.) "[I]n the event such incorporation is made, the original agreement and those referred to must be considered and construed as one. [Citations.]" (*Bell v. Rio Grande Oil Co.* (1937) 23 Cal.App.2d 436, 440; accord *Republic Bank v. Marine Nat. Bank* (1996) 45 Cal.App.4th 919, 921.) The foregoing standards were met here.

Tran's RICs expressly incorporate by reference the terms of his EA. The reference is clear and unequivocal, and Tran's signature immediately below that reference is evidence of his consent thereto. Tran's RICs and EA must therefore be considered and construed as one agreement, and subject to the same arbitration provision. (*King, supra*, 121 Cal.App.3d at p. 357.) In addition, "California has a '"strong public policy in favor of arbitration"' [citation], '. . . arbitration agreements should be liberally interpreted, and arbitrations should be ordered unless the agreement clearly does not apply to the dispute in question.' [Citation.] 'Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration.' [Citation.]" (*Vianna v. Doctors' Management Co.* (1994) 27 Cal.App.4th 1186, 1189.) Arbitration should be ordered "unless it is clear that the arbitration clause cannot be interpreted to cover the dispute. [Citation.]" (*United Transportation Union v. Southern Cal. Rapid Transit Dist.* (1992) 7 Cal.App.4th 804, 808.) The express incorporation by reference of Tran's EA into the RICs subjects Tran's EA-related claims to the arbitration provision contained in the RICs.[3] The trial court erred by denying defendant's petition to compel arbitration of Tran's EA-related claims.

---

[3] The trial court expressly found the arbitration provisions in all the EAs and RICs, including Tran's RICs, were neither procedurally nor substantively unconscionable.

9

### III. Appealability of plaintiffs' claims

An order granting a motion to compel arbitration is generally not appealable. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648-649.) Such an order is normally subject to review only on an appeal from a final judgment. (Code Civ. Proc., §§ 906, 1294.2.) An appellate court has discretion, in exceptional situations, to treat a purported appeal from a nonappealable order as a petition for writ of mandate. (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.) That discretion, however, should be exercised only in unusual and extraordinary circumstances. (*Ibid.*) With respect to arbitration clauses, "the underlying policy [is] to encourage parties to arbitrate first and litigate, if necessary, later." (*Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 408.)

Plaintiffs have presented no extraordinary circumstances that would warrant the issuance of a writ in this case. Their arguments on appeal simply reiterate those presented in opposition to the petition to compel arbitration in the trial court below, including the unconscionability agreements rejected by the trial court. Because there has been no showing of unusual or extraordinary circumstances, we dismiss plaintiffs' appeal.

**DISPOSITION**

The order dated March 15, 2012, denying the petition to compel arbitration of Tran's EA-related claims is reversed and the trial court is directed to grant the petition to compel arbitration of those claims. The order is otherwise affirmed. Plaintiffs' cross-appeal is dismissed as is defendant's appeal of the order staying the class action claims. The parties will bear their respective costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.*
FERNS

_____

 * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11