[No. C062366. Third Dist. Jan. 28, 2010.]

ZARI MANSOURI, Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
FLEUR DU LAC ESTATES ASSOCIATION, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of the Background and parts I and II of the Discussion.

**COUNSEL**

Manatt, Phelps & Phillips, Andrew A. Bassak and Benjamin G. Shatz for Petitioner.

No appearance for Respondent.

Sproul Trost, Thomas G. Trost, Gregory L. Maxim and Jason M. Sherman for Real Party in Interest.

**OPINION**

**CANTIL-SAKAUYE, J.**—A dispute arose between petitioner Zari Mansouri and her homeowners association, the Fleur du Lac Estates Association (Association), after Mansouri remodeled her condominium's patio. The Association obtained a court order compelling arbitration of the dispute under an arbitration provision contained in the Second Restated Declaration of Covenants, Conditions and Restrictions for the Association (CC&R's). The trial court awarded attorney fees to the Association for its expense in bringing the petition to compel arbitration. We granted an alternative writ in this mandamus proceeding to consider (1) whether the arbitration provision in the CC&R's is unenforceable and unconscionable; (2) if the arbitration provision is valid, whether this dispute falls outside of the scope of the arbitration provision; and (3) whether the Association complied with the applicable statutory requirements for a petition to compel arbitration. We conclude the

arbitration provision is enforceable, is not unconscionable, and is applicable. However, in the published portion of this opinion, we conclude a party seeking to compel arbitration under Code of Civil Procedure section 1281.2 (section 1281.2) must establish it demanded arbitration under the parties' arbitration agreement and that the other party refused to arbitrate under the agreement before it is entitled to an order granting a petition to compel such arbitration. As the Association here failed to show it requested Mansouri to arbitrate under the arbitration provision of the CC&R's and that Mansouri refused to arbitrate under such provision, its petition to compel such arbitration should have been denied. We will issue a writ of mandate requiring the trial court to vacate its order compelling arbitration and awarding attorney fees and to enter a new order denying the Association's petition.

## BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

## THE ASSOCIATION FAILED TO COMPLY WITH THE APPLICABLE STATUTORY REQUIREMENTS FOR A PETITION TO COMPEL ARBITRATION

Prior to filing the petition to compel arbitration, the Association wrote Mansouri requesting that she agree to submit the dispute to binding arbitration before a single arbitrator, unilaterally preselected by the Association. The letter indicated that if Mansouri did not agree, the Association would file "a *court action for injunctive and declaratory relief* and attorneys fees to enforce [her] compliance." (Italics added.) The letter made no reference to the arbitration provision of the CC&R's (section 16.10), did not offer the three-person form of arbitration set forth in section 16.10, and did not inform Mansouri that a petition to compel arbitration would be filed if she refused.

Mansouri claims the trial court erred in granting the Association's motion to compel arbitration because the Association failed to properly satisfy its

---

*See footnote, *ante*, page 633.

obligation under Civil Code section 1369.520 (section 1369.520), subdivision (a), to endeavor to submit the dispute to alternative dispute resolution before it filed its petition to compel arbitration. Mansouri contends section 1369.520 requires the Association to offer her the kind of arbitration (three person) specified under the arbitration provision of the CC&R's as a prerequisite to filing the petition to compel arbitration. The Association claims substantial evidence supports the trial court's finding that it did "in good faith endeavor[] to submit this dispute to alternative dispute resolution before the filing of this court action[]" as required by section 1369.520.

Section 1369.520, subdivision (a), reads: "An association or an owner or a member of a common interest development may not file an enforcement action in the superior court unless the parties have endeavored to submit their dispute to alternative dispute resolution pursuant to this article." Subdivision (b) of section 1369.520, however, limits the application of the section "to an enforcement action that is solely for declaratory, injunctive, or writ relief, or for that relief in conjunction with a claim for monetary damages not in excess of the jurisdictional limits stated in Sections 116.220 and 116.221 of the Code of Civil Procedure."

Section 1369.520, subdivision (a) does not apply to this case; the Association did not file "an enforcement action" as defined by section 1369.520. (§ 1369.520, subd. (b).) Although the Association threatened to file a court action for injunctive and declaratory relief in its letter to Mansouri offering arbitration, it subsequently took the position that the dispute fell within the binding arbitration provisions of the CC&R's, section 16.10, and filed the petition to compel arbitration that is the subject of this writ. The applicable statutory provision for the Association's petition to compel arbitration is not Civil Code section 1369.520, but Code of Civil Procedure section 1281.2.

Subject to exceptions not applicable here, section 1281.2 provides that: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy *and that a party thereto refuses to arbitrate such controversy*, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." (Italics added.)

We requested and received supplemental briefs from the parties addressing whether a demand for arbitration under the parties' agreement to arbitrate and a party's refusal to arbitrate under the agreement are preconditions of a petition to compel arbitration under section 1281.2.

The Association filed a supplemental brief that fails to address whether section 1281.2 requires a demand and refusal under the agreement before a petition to compel arbitration under the agreement is appropriate. Instead, the Association argues the CC&R's do not contain such a prerequisite; Mansouri forfeited her right to assert the claim that the Association failed to satisfy section 1281.2 when she failed to raise the issue before the trial court; and that Mansouri's conduct waived and/or excused the Association of any requirement that it demand arbitration under the terms of section 16.10 prior to filing its petition to compel arbitration.

■ Before we consider whether section 1281.2 contains a statutory prerequisite of a prior demand and refusal to arbitrate under the agreement,[6] we consider whether Mansouri's failure to argue section 1281.2 to the trial court forfeits the issue here. In support of its argument for such result, the Association cites case law expressing the well-settled rule that " '[a] party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant. [Citation.]' " (*Richmond v. Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 874 [242 Cal.Rptr. 184], quoting *Ernst v. Searle* (1933) 218 Cal. 233, 240–241 [22 P.2d 715]; see *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 [97 Cal.Rptr. 657, 489 P.2d 537]; *Bank of America v. Cory* (1985) 164 Cal.App.3d 66, 78, fn. 4 [210 Cal.Rptr. 351]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 407, pp. 466–468.)

However, this rule is discretionary with the reviewing court and subject to several exceptions. (*Watson v. Department of Transportation* (1998) 68 Cal.App.4th 885, 890 [80 Cal.Rptr.2d 594].) First, "[t]he general rule confining the parties upon appeal to the theory advanced below is based on the rationale that the opposing party should not be required to defend for the first time on appeal against a new theory that 'contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial.' [Citation.]" (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].) Consequently, "an appellate court may allow an appellant to assert a new theory of the case on appeal where the facts were clearly put at issue at trial and are undisputed on appeal." (*Richmond v. Dart Industries, Inc.*, *supra*, 196 Cal.App.3d at p. 879.) Second, a " 'court may refuse to follow the doctrine where the error is too fundamental to be ignored, e.g., in cases of illegality, unclean hands, complete *failure to state a cause of action*, or variance so fundamental as to constitute "departure" or failure of proof.

---

[6] If the statute contains such a requirement, it is irrelevant that the CC&R's do not.

[Citations.]' " (*Watson v. Department of Transportation, supra*, at p. 890, italics added.) Both of these exceptions appear applicable here.

In the trial court, Mansouri opposed the petition to compel arbitration on the ground, inter alia, that the Association did not in good faith endeavor to submit this dispute to alternative dispute resolution under section 1369.520. In making this argument, Mansouri specifically contended the Association's offer of binding arbitration by a single arbitrator contradicted her right under the CC&R's to a panel of three arbitrators. This argument placed at issue the facts surrounding the Association's request for arbitration and its subsequent communications and negotiations with Mansouri regarding possible arbitration. The Association was on notice from that point that Mansouri claimed the Association improperly offered her arbitration only by a preselected single arbitrator. In its reply to Mansouri's opposition, however, the Association never asserted it had in fact offered arbitration with a panel of three arbitrators under the terms of section 16.10. The Association never submitted the supplemental evidence, which it now claims it has, that would show Mansouri and/or her counsel believed the Association's letter demanding arbitration before a preselected single arbitrator "represented the Association's intent to submit the dispute to a three-arbitrator panel for resolution" or that it otherwise "informed Mansouri of its willingness to arbitrate either through a three-person panel or through a single arbitrator." Given the plain relevance of such evidence to Mansouri's claim, we discount the Association's belated effort here to suggest in a footnote in its supplemental brief that the factual situation surrounding its request for arbitration is disputed and that it somehow had no opportunity to fully present its evidence to the trial court. On this record, the facts were clearly put at issue at trial and are undisputed here.

In any event, if proof of a demand and refusal to arbitrate under the agreement is a necessary prerequisite to a petition to compel arbitration under section 1281.2, the failure to prove such demand and refusal is a failure to state a cause of action—a fundamental error that permits us to review the issue despite a party's failure to raise the theory in the trial court. (*Watson v. Department of Transportation, supra*, 68 Cal.App.4th at p. 890.)

We turn to the merits of the issue and conclude section 1281.2 does require a party seeking to compel arbitration to plead and prove a prior demand for arbitration under the parties' arbitration agreement and a refusal to arbitrate under the agreement.

■ We reach this conclusion by construing section 1281.2 under established principles of statutory interpretation. "When construing statutes, our

goal is ' "to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law." ' [Citation.] We first examine the words of the statute, 'giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent.' [Citation.] If the statutory language is ambiguous and susceptible of differing constructions, we may reasonably infer that the legislators intended an interpretation producing practical and workable results rather than one resulting in mischief or absurdity. [Citation.] It is a fundamental tenet of statutory construction that we must give the statute a *reasonable* construction conforming to legislative intent. [Citation.]" (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 919 [76 Cal.Rptr.3d 483, 182 P.3d 1027].)

■ Section 1281.2 expressly requires a petition to compel arbitration to allege "the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy." The necessary implication of this language is that a request or demand for arbitration under the written agreement to arbitrate has been made and refused. Such demand and refusal is what requires and justifies the intervention of the court to order arbitration under the agreement. It makes no sense for this language to be read to allow a petitioner to compel arbitration[7] on allegations and proof of a written agreement to arbitrate the controversy, but with allegations and proof that arbitration under some other statutory scheme or contract was offered and refused. The Legislature plainly intended section 1281.2 to provide a procedural device for enforcing the parties' written arbitration agreement if one or more of the parties would not agree to such arbitration.   ■   The only reasonable construction of the statutory language that conforms to such intent, is to require for a petition to compel arbitration the pleading and proof of (1) the parties' written agreement to arbitrate a controversy (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413 [58 Cal.Rptr.2d 875, 926 P.2d 1061]); (2) a request or demand by one party to the other party or parties for arbitration of such controversy *pursuant to and under the terms of their written arbitration agreement*; and (3) the refusal of the other party or parties to arbitrate such controversy *pursuant to and under the terms of their written arbitration agreement.*

■ Our interpretation of the language of section 1281.2 is supported by consideration of the nature of the relief being granted. Our Supreme Court

---

[7] Section 1281.2 provides "the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines" one of the statutory exceptions applies. (Italics added.)

has made it clear that a petition to compel arbitration under section 1281.2 " ' "is in essence a suit in equity to compel specific performance of a contract." ' " (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 29 [58 Cal.Rptr.3d 434, 157 P.3d 1029]; *Rosenthal v. Great Western Fin. Securities Corp., supra,* 14 Cal.4th at p. 411.) The elements of a cause of action for specific performance of a contract include not only the contract (*Roth v. Malson* (1998) 67 Cal.App.4th 552, 557 [79 Cal.Rptr.2d 226]), but defendant's breach of the contract. (5 Witkin, Cal. Procedure, *supra,* Pleading, § 785, pp. 203–204.) Where no time is specified for performance, there is no breach of a contractual promise to perform an act in the future by a party who has the ability to perform where there has been no demand for performance and refusal to perform. (*Leonard v. Rose* (1967) 65 Cal.2d 589, 592–593 [55 Cal.Rptr. 916, 422 P.2d 604] [rule is subject to exceptions not at issue here].) So too, there is no breach of an agreement to arbitrate unless there has been a demand to arbitrate and a refusal to arbitrate under the agreement. Without a breach, there is no cause of action for specific performance of the arbitration agreement and therefore, no basis for a petition to compel under section 1281.2.

The Association nevertheless asks us to find "that Mansouri's conduct in these proceedings operates as a waiver to this requirement and/or excuses [the] Association from complying with any such preconditions." According to the Association, Mansouri unmistakably demonstrated her unwillingness to submit the dispute to any form of binding arbitration in her responses to the Association's requests to arbitrate. We have reviewed the referenced letter and e-mail exchanges between the parties regarding arbitration and mediation. In our opinion, Mansouri's expressed desire in those communications for the matter to be litigated in court and not submitted to binding arbitration must be understood in context as a preference for a judicial forum over the single preselected arbitrator offered by the Association. We do not view it as evidence of Mansouri's "unequivocal intent . . . to reject any form of binding arbitration." We are not convinced by these communications that Mansouri would have rejected arbitration under section 16.10 of the CC&R's if arbitration pursuant to the terms of such provision had been offered prior to the filing of the petition to compel arbitration. The Association's failure to offer and request arbitration pursuant to section 16.10 is not waived or excused.

■ As the Association failed to show it requested that Mansouri arbitrate pursuant to and under the terms of section 16.10 of the CC&R's and that Mansouri refused to arbitrate under such provision, its petition to compel such arbitration should have been denied.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the trial court to vacate its order granting the Association's petition to compel arbitration and awarding attorney fees and to enter a new and different order denying the petition. Petitioner is awarded costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Blease, Acting P. J., and Raye, J., concurred.