Filed 4/26/16  George Don Pedro's General Const. Co. v. Leong CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GEORGE DON PEDRO'S GENERAL CONSTRUCTION COMPANY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEONG,<br><br>    Defendant and Appellant. | A146109<br><br>(Alameda County<br>Super. Ct. No. RG14752852) |

Homeowner David Leong ("Leong") appeals from an order denying his motion to compel arbitration of this dispute with the general contractor he hired to renovate his home, plaintiff George Don Pedro's General Construction Company ("George Don Pedro's").  We hold the trial court erred in denying Leong's motion, and reverse.

**BACKGROUND**

In January 2013, Leong hired George Don Pedro's to make improvements to his home.  Disagreements arose, and in December 2014, George Don Pedro's initiated this action against Leong for breach of contract, wrongful termination of the contract and related claims.  Some months later, after having demurred to the complaint, Leong moved to compel arbitration of the parties' dispute under an arbitration clause contained in their written contract.  There is no issue on appeal concerning the scope or applicability of that arbitration provision.

The trial court denied Leong's motion on two grounds.  It ruled that "[Leong's] motion does not include a declaration or other evidence showing [Leong] demanded

1

arbitration and that Plaintiff [George Don Pedro's] refused." It also ruled Leong had waived his right to arbitrate.

This timely appeal followed.[1]

## DISCUSSION

## I.

### *Leong Was Not Required to Demand Arbitration.*

In relevant part, section 1281.2 of the Code of Civil Procedure states: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy *and that a party thereto refuses to arbitrate such controversy*, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists," unless certain exceptions, inapplicable here, are found to exist. (Code Civ. Proc., § 1281.2, italics added.) The trial court denied the motion under *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633 (*Mansouri*), on the ground Leong failed to demand arbitration before bringing his motion to compel it.

This was erroneous.[2] "Arbitration can be refused without a formal demand ever having been made." (*Hyundai Amco America Inc. v. S3H, Inc.* (2014) 232 Cal.App.4th 572, 577 (*Hyundai*).) A party can refuse to arbitrate impliedly—for example, by denying the existence of an arbitrable controversy. (See *Loscalzo v. Federal Mut. Ins. Co.* (1964) 228 Cal.App.2d 391, 395–396.) Another way is by filing a lawsuit, which "invoke[s] the protections and procedures of the court system" rather than an arbitral forum, and constitutes a refusal to arbitrate within the meaning of section 1281.2. (See *Hyundai* at pp. 574, 577–578.) Put simply, a defendant named in a civil lawsuit is not required to

---

[1] George Don Pedro's did not filed a respondent's brief. This does not mandate automatic reversal, however. Leong still bears the affirmative burden to demonstrate error, and we must still examine the record and may reverse only for prejudicial error. (Cal. Rules of Court, rule 8.220, subds. (a)(2), (c); *Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 593, fn. 2; *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1077–1078.)

[2] This issue is reviewed de novo. (*Hyundai*, *supra*, 232 Cal.App.4th at p. 576.)

engage in the idle act of *requesting* the plaintiff to arbitrate before seeking an order *compelling* arbitration of a dispute already pending in court.  *Hyundai* is directly on point.

The parties have cited no contrary authority, and we are aware of none.  *Mansouri*, relied upon by the trial court, is distinguishable.  The decision construed the statute to require proof of a demand to arbitrate under the terms of the applicable arbitration agreement, as well as a refusal by the other party to arbitrate.  (*Mansouri*, *supra*, 181 Cal.App.4th at pp. 640–642; accord, *Sky Sports, Inc. v. Superior Court* (2011) 201 Cal.App.4th 1363, 1368, citing *Mansouri* [dictum].)  It reasoned that the "necessary implication" of the statutory language requiring allegations of " 'the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy' " "is that a request or demand for arbitration under the written agreement to arbitrate has been made and refused." (*Mansouri*, at p. 641.)  "Such demand and refusal," it explained, "is what requires and justifies the intervention of the court to order arbitration under the agreement."  (*Ibid*.)  But in *Mansouri*, the party opposing the request for an order compelling arbitration had not initiated any litigation and thereby already evinced an unequivocal refusal to arbitrate.  (See also *Hyundai*, *supra*, 232 Cal.App.4th at pp. 577–578 [distinguishing *Mansouri*].)

*HM DG, Inc. v. Amini* (2013) 219 Cal.App.4th 1100, a case not cited by either party and decided before *Hyundai*, applied *Mansouri*'s demand requirement in the context of a motion to compel arbitration of a dispute already pending in court.  (*HM DG, Inc.*, at p. 1112.)  However, we do not read the opinion as conflicting with *Hyundai*.  The only issue on appeal was whether the defendants' demand for arbitration was sufficient under *Mansouri*.  (See *id*. at pp. 1106, 1112.)  The court was not asked to decide, and did not consider, whether *Mansouri*'s demand requirement was inapplicable.  In effect, the court assumed without deciding that *Mansouri* applied.

In short, Plaintiff's filing of this lawsuit concerning an arbitrable controversy constituted a refusal to arbitrate.  (See *Hyundai*, *supra*, 232 Cal.App.4th at pp. 574, 577–578.)  Therefore, the statutory requirement of proof "that a party . . . refuses to arbitrate

3

such controversy" was satisfied (Code Civ. Proc., § 1281.2), and the trial court erred in concluding otherwise.

## II.

### *Leong Did Not Waive the Right to Compel Arbitration.*

" 'California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure.' " (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 374–375 (*Iskanian*).) "The fact that the party petitioning for arbitration has participated in litigation, short of a determination on the merits, does not by itself constitute a waiver." (*Id*. at p. 375.) Furthermore, "[i]n light of the policy in favor of arbitration, 'waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof.' " (*Ibid*., citing *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes Medical Center*).)

Although there is "no single test" for waiver (*St. Agnes Medical Center*, *supra*, 31 Cal.4th at p. 1195), the following factors are relevant: " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*Iskanian, supra,* 59 Cal.4th at p. 375; accord, *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 30–31.)

" 'Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.]

4

"When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling." ' " (*Iskanian*, *supra*, 59 Cal.4th at p. 375, citing *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1196.) "An appellate court will reverse a finding of waiver by the trial court only ' "in cases where the record before the trial court establishes a lack of waiver as a matter of law." ' " (*Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 781–782.)

That is the case here. The trial court ruled Leong waived the right to arbitrate based upon two circumstances but neither constituted a waiver.

First, the court cited a letter Leong sent to George Don Pedro's on May 30, 2013, terminating their contract and offering to settle. The trial court quoted an isolated phrase out of context, in which Leong referred to his desire to " 'avoid arbitration per our contractual procedure.' " In pertinent part, however, that letter states (italics added): "Again, it was my hope to part-ways [*sic*] in good standing and perhaps avoid arbitration. The good will intent to avoid arbitration per our contractural [*sic*] procedure has caused slight delay in finalizing payment. Since the very high cost of arbitration affects us both and it is my objective to avoid it, I'm willing to offer you, Don Pedro Construction Co., an out-of pocket final payment in the sum of $3,800.00 to avoid arbitration. This is in addition to the current Final Draw of $15,391.00 and your 10% hold on draws. Please let me know if this is acceptable to you. *If it isn't acceptable to you, we will proceed with the guidelines per our contract to resolve our dispute. I'll expect your response within 24 hours but if I don't hear from you, I'll assume you wish to resolve per our contract. If that is the case, I'd like you to set up arbitration per our contract guidelines by Friday,May31st*." Taken as a whole, this letter does not evince any intention to avoid arbitration in favor of a judicial forum. On the contrary, it reflects Leon's unequivocal desire to *engage* in arbitration if the dispute could not be settled. It is not inconsistent with the right to arbitrate. (See *Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 20 (*Zamora*).)

Second, the trial court premised its finding of waiver on the fact that Leong demurred to the complaint before moving to compel arbitration. In light of that fact, the court reasoned "[i]t would not be fair to now force [George Don Pedro's] to arbitrate his claims. Even though courts do not lightly infer waiver, based on factors including [Leong's] conduct inconsistent with an intent to invoke arbitration, [Leong's] delay in seeking to compel arbitration, and the resulting prejudice to [George Don Pedro's], the court finds that [Leong] has waived the right to compel arbitration."

This too was wrong as a matter of law. Merely demurring to a complaint, without more, does not automatically waive the right to arbitrate. (See *Zamora*, *supra*, 186 Cal.App.4th at p. 20; *Gear v. Webster* (1968) 258 Cal.App.2d 57, 64; see also *McConnell v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.* (1980) 105 Cal.App.3d 946, 952, fn. 2 [emphasizing that "we are not holding that the filing of a demurrer or some other motion, in addition to the complaint or answer, is all that is required to find waiver in similar situations"].) "The trial court must still view the litigation as a whole and determine if the parties' conduct is inconsistent with a desire to arbitrate." (*McConnell*, 105 Cal.App.3d at p. 952, fn.2; compare, e.g., *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 446 (*Lewis*) [affirming finding of waiver where defendant "litigated the merits . . . through multiple demurrers and motions to strike and participated in discovery without raising its right to arbitration"].) Leong did not "substantially" invoke "the litigation machinery" nor put the parties "well" down the path of litigation (*Iskanian*, *supra*, 59 Cal.4th at p. 375) by filing a single demurrer.**[3]**

---

**[3]** In arguing the demurrer did not effectuate a waiver, Leong relies extensively— and exclusively—on *Groom v. Health Net* (2000) 82 Cal.App.4th 1189, in which a defendant was held not to have waived the right to compel arbitration after demurring *four times*. But Leong ignores the fact that *Groom* has been criticized. (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 948; *Lewis*, *supra*, 205 Cal.App.4th at p. 451.) On the other hand, the Supreme Court has cited it with approval. (*St. Agnes Medical Center*, *supra*, 31 Cal.4th at p. 1203.) We do not weigh into that debate, however, and express no opinion concerning *Groom*, because this case involves substantially less litigation activity than *Groom* and the decisions that criticize it.

6

Leong argues that "[a] four-month delay is insufficient to support a finding of waiver," but we disagree. There is no rule as such, and this mischaracterizes the cited cases.[4] Courts have upheld a finding of waiver where a party affirmatively engages in litigation, with resulting prejudice, in that timeframe. (See, e.g., *Lewis*, *supra*, 205 Cal.App.4th at p. 446 [nearly five months]; *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 [four months].) Still, these cases reflect that there must be other circumstances, beyond the mere lapse of months, to support a determination that delay has been prejudicial and inconsistent with the right to arbitrate, such as multiple rounds of motion practice and/or participation in discovery that would not be available in arbitration. (See *Lewis*, at pp. 446, 449–450; *Guess?, Inc.*, 79 Cal.App.4th at pp. 558–559.) Again, the litigation must be viewed "as a whole" in making that determination. (*Lewis*, at p. 449.)

And on that subject, we agree with Leong that "there [is] no evidence that Plaintiff had suffered any prejudice" from the short, four-month delay here. The trial court's finding that there was "resulting prejudice to Plaintiff" is not supported by substantial evidence. There is no evidence any discovery was conducted, and Leong's counsel argued there had been none. (See *Iskanian*, *supra*, 59 Cal.4th at p. 378.) There is no evidence the brief delay resulted in any lost evidence. (See *ibid*.) And in opposing the motion, George Don Pedro's neither argued, nor submitted evidence, that it had been prejudiced in any manner by the four-month delay. In short, the plaintiff did not meet its " 'heavy burden of proof' " to establish a waiver. (*Id.* at p. 375.)

## DISPOSITION

The August 5, 2015, order denying Leong's motion to compel arbitration is reversed.

---

[4] *Khalatian v. Prime Time Shuttle, Inc.* (2015) 237 Cal.App.4th 651, held that a 14-month delay in moving to compel arbitration did not effectuate a waiver because there was no evidence of any prejudice to the plaintiff. (*Id*. at p. 663.) To the same effect is *Groom*, which held there was no substantial evidence the plaintiff suffered prejudice as a result of a lengthy delay in seeking arbitration. (*Groom*, *supra*, 82 Cal.App.4th at p. 1198.)

_____
STEWART, J.

We concur.

_____
KLINE, P.J.

_____
MILLER, J.

*George Don Pedro's General Construction Co. v. Leong* (A146109)