Filed 2/20/26  Rajaee v. Weinberg Gonser Frost CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ASKAN RAJAEE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WEINBERG GONSER FROST LLP et al.,<br><br>    Defendants and Respondents. | B338351<br><br>(Los Angeles County Super. Ct. No. 23SMCV00121) |

        APPEALS from orders of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Reversed and remanded with directions.

        Finlayson Toffer Roosevelt & Lilly, Jesse S. Finlayson and Jared M. Toffer for Plaintiff, Appellant, and Cross-Respondent.

        Wood Smith Henning & Berman, Stephen M. Caine, Frances M. O'Meara and Lauren G. Kane for Defendants, Respondents, and Cross-Appellants.

_____

Ashkan Rajaee appeals the dismissal of his case claiming legal malpractice and breach of fiduciary duty against his former counsel, Weinberg Gonser Frost LLP and Jordan Matthews (together, the Weinberg defendants).  The court granted the Weinberg defendants' motion to compel arbitration and stayed the case.  The Weinberg defendants then petitioned the trial court to appoint an arbitrator.  The trial court found no arbitration had been initiated and denied the Weinberg defendants' petition.  But the court also set an Order to Show Cause (OSC) hearing to determine why the case should not be dismissed for Rajaee's failure to demand arbitration.  When Rajaee failed to demand arbitration by the OSC date, the court dismissed the case.  Because the court retained only vestigial jurisdiction after compelling arbitration, the court's dismissal of the case was error.  We reverse and remand for the trial court to appoint an arbitrator and allow the arbitration to proceed.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an attorney-client dispute.  Rajaee retained the Weinberg defendants to represent him in a dispute with a former business partner.  The parties entered into a written engagement agreement, which included an arbitration provision.  The arbitration provision states that the parties "agree to submit all disputes regarding any aspect of our lawyer-client relationship to binding arbitration by a single neutral arbitrator[.]"  The provision defines "all disputes" to include "claims [Rajaee] may have against [the Weinberg defendants] for malpractice, negligence, breach of contract or fiduciary duty and fraud, as well as with respect to fees and costs."

In January 2023 Rajaee sued the Weinberg defendants for malpractice and breach of fiduciary duty in connection with their handling of an underlying arbitration proceeding. The Weinberg defendants responded by filing a motion to compel arbitration.

Over Rajaee's objections, the court granted the motion to compel arbitration and stayed the case in June 2023. Rajaee sought to reverse that ruling in a petition for writ of mandate filed in August, in *Rajaee v. Superior Court*, No. B330721. We denied the petition summarily.

In October the Weinberg defendants filed their "Petition to Appoint Arbitrator pursuant to Code of Civil Procedure section 1281.6."[1] Rajaee opposed, arguing that the court only retained vestigial jurisdiction and that no demand for arbitration had been filed.

In November 2023, the court heard the motion. It agreed with Rajaee that "because there [had] been no demand for arbitration, and accordingly, no case over which an arbitrator could preside," there was no need to appoint an arbitrator. The Weinberg defendants argued that Rajaee's complaint was the demand, but acknowledged to initiate arbitration, Rajaee must file a separate demand. They asked the court to impose a deadline for Rajaee to file a demand for arbitration. Accordingly, the court denied the petition and set an "Order to Show Cause [Regarding] Why the Case Should Not be Dismissed for Failure of Plaintiff to Demand Arbitration."

In February 2024, the court conducted the OSC hearing. Rajaee had not made a demand for arbitration, and the court dismissed the case without prejudice.

---

[1]     Statutory references are to the Code of Civil Procedure.

The court entered judgment in September 2024. Rajaee timely appealed. The Weinberg defendants timely cross-appealed.[2]

## DISCUSSION

A. *Governing Law and Standard of Review*

"Once a trial court has compelled claims to contractual arbitration, the court has 'very limited authority with respect to [the] pending arbitration.'" (*Lew-Williams v. Petrosian* (2024) 101 Cal.App.5th 97, 105-106 (*Lew-Williams*), quoting *SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1200.) As the Supreme Court explained, "A party seeking to enforce contractual arbitration is statutorily entitled to a stay of pending legal actions. [Citation.] 'Once a court grants [a] petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration' to determine, upon conclusion of the arbitration proceedings, whether an award on the merits requires dismissal of the legal action. [Citation.] This is so, in part, because the whole point of contractual arbitration is to obviate the need for an action at law." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096,

---

[2]      On April 18, 2024, Rajaee filed a notice of appeal from the court's February 26, 2024 order of dismissal. Because that order was not yet signed, it was not appealable under sections 581d and 904.1(a)(1). The signed judgment of dismissal was filed on September 10, 2024, and Rajaee timely appealed. Pursuant to the parties' stipulation and good cause appearing, we consolidated the appeals.

4

quoting *Brock v. Kaiser Foundation Hospitals* (1992)
10 Cal.App.4th 1790, 1796; accord, *Titan/Value Equities Group,
Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487
(*Titan/Value*).)

"During that time, under its 'vestigial' jurisdiction, a court
may: appoint arbitrators if the method selected by the parties
fails [citation]; grant a provisional remedy 'but only upon the
ground that the award to which an applicant may be entitled may
be rendered ineffectual without provisional relief' [citation]; and
confirm, correct or vacate the arbitration award." (*Titan/Value*,
*supra*, 29 Cal.App.4th at p. 487; accord, *SWAB Financial, LLC v.
E\*Trade Securities, LLC*, *supra*, 150 Cal.App.4th at p. 1200.)
However, "[a]bsent an agreement to withdraw the controversy
from arbitration, . . . no other judicial act is authorized.
[Citation.]  [¶]  In the interim, the arbitrator takes over. It is the
job of the arbitrator, not the court, to resolve all questions needed
to determine the controversy.  [Citations.]  The arbitrator, and
not the court, decides questions of procedure and discovery."
(*Titan/Value*, at pp. 487-488, fn. omitted.)

The Weinberg defendants argue that a judgment is
presumed correct on appeal.  While that is the general rule, in
this case, we are faced with a question of jurisdiction.  "Where, as
here, the procedural facts are undisputed, the question whether
the trial court exceeded its jurisdiction is a legal question subject
to de novo review." (*Lew-Williams*, *supra*, 101 Cal.App.5th at
pp. 105-106; see *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011)
191 Cal.App.4th 643, 657 [de novo review applies to whether trial
court had jurisdiction to lift litigation stay under § 1281.4 on the
ground plaintiff could not afford costs of arbitration].)

5

The Weinberg defendants argue further that the "procedural facts are far from 'undisputed,'" but fail to indicate any relevant procedural facts in dispute. On appeal, neither party disputes that the trial court granted an order to compel arbitration and stay the entire case pending arbitration. Neither party appeals that order.[3] After it made this order, the court made additional orders and dismissed the case. Based on these undisputed procedural facts, we review whether the trial court exceeded its jurisdiction de novo.

B.      *The Trial Court Exceeded Its Jurisdiction in Dismissing the Claims Ordered to Arbitration*

Rajaee argues that the trial court erred in dismissing the case for failure to prosecute after previously granting a motion to compel arbitration and staying the case. Rajaee points us to *Lew-Williams*, which Rajaee argues "addressed this exact issue." We agree.

The relevant circumstances here are the same as in *Lew-Williams*. Just as in *Lew-Williams*, the court had compelled arbitration, and the parties failed to commence arbitration. In both cases, the court set an OSC regarding failure to arbitrate and, after the hearing, dismissed the action without citing a statutory basis for dismissal. Just as in *Lew-Williams*, the trial court exceeded its vestigial jurisdiction by retaking control of the case and dismissing it.

---

[3]      Indeed, Rajaee's opening brief requests that this court reverse and remand the matter to the trial court "so the parties can properly address the merits of the action through the arbitration process."

The Weinberg defendants argue that because the judgment is presumed correct, any one of three arguments is sufficient to uphold the judgment. As noted, the issue in this case is jurisdictional, and the relevant procedural facts are undisputed, so the proper standard of review is de novo. Under this review, these arguments fail.

The Weinberg defendants first argue that trial courts have broad power to interpret or reinterpret their own orders. While the trial court normally has power to reconsider its rulings "so long as no final judgment had been entered and the case was still pending" before the court (*Magallanes v. Superior Court (*1985) 167 Cal.App.3d 878, 882), here the case had been ordered to arbitration. In *Lew-Williams*, we addressed this exact issue and held that a trial court lacks jurisdiction to enforce its own orders requiring an arbitration to proceed once it compels arbitration. (*Lew-Williams*, *supra*, 101 Cal.App.5th at pp. 107-109.)

Also, Rajaee did not move for reconsideration. But even if he did, the court has more limited power to hear a motion for reconsideration of its order compelling or denying arbitration. (See § 1008; *Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 59-60 [power to reconsider order to compel based on change in law]; *Blake v. Ecker* (2001) 93 Cal.App.4th 728, 739 (*Blake*).) Neither party nor the court addressed a change in the law that might have warranted reconsideration.

Second, the Weinberg defendants argue that "[section] 583.410(a) provides courts broad discretion to dismiss actions '. . . for delay in prosecution.'" However, "once the trial court granted the petition to compel arbitration and stayed the action, '[d]efendants' only avenue for redress when plaintiff failed to timely prosecute the arbitration was in the arbitration

7

proceeding.'" (*Lew-Williams, supra*, 101 Cal.App.5th at p. 107, quoting *Blake, supra*, 93 Cal.App.4th at pp. 737-738.) "The trial court may not step into a case submitted to arbitration and tell the arbitrator what to do and when to do it: it may not resolve procedural questions, order discovery, determine the status of claims before the arbitrator or set the case for trial because of a party's alleged dilatory conduct. It is for the arbitrator, and not the court, to resolve such questions." (*Titan/Value, supra*, 29 Cal.App.4th at p. 489; accord, *Blake*, at p. 738; *Brock v. Kaiser Foundation Hospitals*, *supra*, 10 Cal.App.4th at p. 1808 [remedy for "dilatory tactics" in an arbitration is to "move in the arbitration proceedings to terminate them for failure to pursue the arbitration claim with reasonable diligence"]; *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, 1316 ["arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal"].) "If a party fails to diligently prosecute an arbitration, the appropriate remedy is for the opposing party to seek relief in the arbitration proceeding (and, if necessary, the opposing party may need to initiate the arbitration for this purpose)." (*Lew-Williams*, at p. 101.) Although a defendant may not want to initiate an arbitration because it has no affirmative demands, the AAA Commercial Arbitration Rules and Mediation Procedures expressly recognize that a defendant may initiate arbitration. (*Lew-Williams*, at p. 109.) Neither party provides any authority that only allows a party with affirmative claims to initiate arbitration under the California Arbitration Act. To the extent that a defendant wants to prevent delay, under *Lew-Williams* the defendant should initiate arbitration.

8

Third, the Weinberg defendants argue Rajaee forfeited any argument that the court's order on the petition to appoint an arbitrator did not "affect (or at least alter or clarify) the order on the motion to compel arbitration" because Rajaee failed to raise it in the trial court or on appeal. Rajaee did not expressly argue that the trial court's order denying appointment of an arbitrator did not affect the previous order to compel arbitration. Instead of trying to argue the negative on appeal, Rajaee clearly, and almost exclusively, argued that *Lew-Williams* controlled this case: Once the court compelled arbitration, it exceeded its vestigial jurisdiction by dismissing the case. In any event, questions of jurisdiction are never waived and "'may be raised for the first time on appeal.'" (*Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 920.) Rajaee did not waive the argument.

As a "parallel but separate argument," the Weinberg defendants contend "that Rajaee is prohibited from arguing that an arbitration had been commenced by operation of judicial estoppel and equitable estoppel." This argument erroneously conflates two concepts: on one hand, the order compelling arbitration and staying the case, and on the other, the initiation of the arbitration. While Rajaee did argue to the trial court that no arbitration had commenced,[4] whether the arbitration has

---

[4] Rajaee also argued that because no demand for arbitration had been made, no arbitration could be commenced. Rajaee's brief to the trial court cited no authority for this argument. While an arbitration does typically start with a demand for arbitration, the underlying rules do not require it in every situation. Section 1281.2 requires only that the party moving to compel arbitration allege "the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses

9

commenced does not affect the court's jurisdiction. The act that divests all but vestigial jurisdiction was the trial court's order compelling arbitration and staying the case. (See *Lew-Williams*, *supra*, 101 Cal.App.5th at p. 107; *Blake*, *supra*, 93 Cal.App.4th at pp. 737-738; *Titan/Value*, *supra*, 29 Cal.App.4th at pp. 487-489.) Failure to commence arbitration does not revest the trial court with jurisdiction.

C.    *The Denial of the Petition To Appoint an Arbitrator Was an Abuse of Discretion*

The Weinberg defendant's cross-appeal argues that the order denying the petition to appoint an arbitrator was an abuse

---

to arbitrate that controversy." (§ 1281.2.) "The statute does not include a requirement that the petitioning party have made a demand for arbitration, only that the other party has refused to arbitrate. Arbitration can be refused without a formal demand ever having been made." (*Hyundai Amco America, Inc. v. S3H, Inc.* (2014) 232 Cal.App.4th 572, 577-578 [finding Hyundai's filing of a lawsuit rather than commencing arbitration proceedings as required by the agreement affirmatively established Hyundai's refusal to arbitrate the controversy]; but see *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633, 640-641 [vacating order to compel arbitration where petitioning party failed to prove a refusal to arbitrate on the terms set forth in the arbitration agreement].) Here, as in *Hyundai*, Rajaee sued on the very contract by which the parties to the suit agreed to arbitration. That shows both knowledge and defiance of the arbitration provision. Accordingly, the lack of a separate demand for arbitration does not affect the court's previous order to compel arbitration.

10

of discretion and should be reversed.[5] Rajaee does not dispute the standard of review, but questions whether the order is reviewable and opposes the merits.

Rajaee questions whether the issue is properly before the court, suggesting that a writ may have been appropriate but is now untimely. The Weinberg defendants argue that the order is properly reviewable under section 906. "Upon an appeal pursuant to Section 904.1 . . . , the reviewing court may review the . . . decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." (§ 906; see *LaCour v. Marshalls of California, LLC* (2023) 94 Cal.App.5th 1172, 1184 [under § 906 "all intermediate nonappealable orders related to the judgment [being appealed] are reviewable as well"].) The Weinberg defendants argue–and Rajaee does not dispute–that the requirements of section 906 are satisfied. Because the order denying the petition to appoint an arbitrator led to the court's judgment of dismissal and this appeal, the order is reviewable.

On the merits, the Weinberg defendants argue that if the dismissal is reversed and remanded, the case was ordered to arbitration and denying a petition to appoint an arbitrator would be inconsistent and an abuse of discretion. Rajaee argues that the trial court's order to deny appointment of an arbitrator was not inconsistent with the prior order. In addition, Rajaee argues the Weinberg defendants failed to show an abuse of discretion.

---

[5] An order on a petition to select an arbitrator is normally reviewed for abuse of discretion. (See, e.g., *Bosworth v. Whitmore* (2006) 135 Cal.App.4th 536, 539 [order attempting to remove arbitrator under § 1281.6 reviewed for abuse of discretion].)

11

The Weinberg defendants are correct that denying the motion to appoint the arbitrator because no arbitration had been initiated was an abuse of discretion because it exceeded the court's vestigial jurisdiction.  Section 1281.6 states: "In the absence of an agreed method, . . . the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." (§ 1281.6.)  It does not give the court authority to rescind its order compelling arbitration.  If the requirements of section 1281.6 are met, then the court "shall" appoint the arbitrator.  (*Ibid.*)

## DISPOSITION

The order of dismissal is reversed.  The superior court is directed to vacate its order denying the petition to appoint an arbitrator and to enter a new order granting the petition consistent with section 1281.6.  The parties are to bear their own costs on appeal.


GIZA, J. *


We concur:


MARTINEZ, P. J.


SEGAL, J.


---

*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.