Filed 12/3/25  Camberos v. JJ Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JUAN MANUEL CAMBEROS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JJ NGUYEN, INC.,<br><br>Defendant and Appellant. | H052524<br>(Monterey County<br>Super. Ct. No. 23CV002405) |

Plaintiff Juan Manuel Camberos, a union member, worked for defendant JJ Nguyen, Inc., a landscape contractor.  After the end of his employment, Camberos sued JJ Nguyen alleging wage and hour violations under the Labor Code and the applicable Industrial Welfare Commission wage order.  JJ Nguyen demanded arbitration—based on what it wrongly alleged was the operative collective bargaining agreement (CBA) with Camberos's union—then unsuccessfully moved to compel arbitration.  Because JJ Nguyen failed to plead and prove that Camberos refused a demand to arbitrate under the operative CBA, we will affirm the order.

## I.  BACKGROUND

### A.  *Camberos's Operative Complaint*

Camberos alleged that JJ Nguyen, his employer from July 2019 to July 2022, violated various wage and hour laws.  Camberos alleged eight causes of action.  The first

six were class action claims for Labor Code and wage order violations involving (1) meal periods; (2) rest periods; (3) minimum and overtime wages; (4) itemized wage statements; (5) waiting time penalties; and (6) reimbursement of business expenses. The seventh was a representative claim under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.), predicated on Labor Code violations. The eighth was a claim under the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.), predicated on Labor Code and wage order violations.

**B.    *JJ Nguyen's Motion to Compel Arbitration and Appeal***

JJ Nguyen moved under Code of Civil Procedure section 1281.2 for an order (1) compelling Camberos to arbitrate his individual claims and (2) staying the trial court proceedings on class and representative claims until the conclusion of that arbitration.[1] JJ Nguyen relied on a declaration from counsel attesting to foundational facts and attaching the alleged CBA. But the attached CBA on its face had been in effect only from July 2019 through June 2022 and did not cover the end of Camberos's employment in July 2022.

Opposing the motion, Camberos objected that counsel's declaration failed to establish foundational facts necessary to admission of the attached CBA. Camberos also disputed whether the proffered CBA required him to arbitrate his claims, including whether it was in effect during July 2022. Camberos offered no evidence of his own.

In reply, JJ Nguyen sought to cure any foundational deficiency by filing a declaration from Vy Tran, a co-owner of JJ Nguyen, and a later version of the CBA.[2] The trial court considered Tran's declaration, which it determined "generally cured" any objections to counsel's declaration.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Tran's declaration also included a copy of the earlier CBA that JJ Nguyen had filed with its moving papers.

2

According to Tran, Camberos was a member of U.A. Local 355, from the time he was first dispatched to JJ Nguyen in 2017 through July 25, 2022. The operative CBA went into effect on July 1, 2022, and had been omitted from JJ Nguyen's moving papers due to Tran's inadvertence.

Under the operative CBA, "[a]ll disputes concerning meal and rest periods are subject to [agreed] grievance procedures," which absent settlement culminate in final and binding arbitration. And unlike the version JJ Nguyen originally filed with its moving papers, the operative CBA includes a "Private Attorney General Act waiver" (boldface and some capitalization omitted) that expressly waives the right to a judicial forum for the statutory and wage order claims like those Camberos asserts. "In addition to claims for meal period and rest period violations," the PAGA waiver specifies that "all claims arising under . . . the California Labor Code and the Industrial Welfare Commission Orders for: unpaid wages (e.g., claims for hours worked off the clock, overtime wages, minimum wages, incorrect rate(s) of pay and travel time); heat illness recovery violations; waiting time penalties; reimbursement of expenses (e.g., tools, cell phone charges, mileage and subsistence); recordkeeping of personnel files, time records and payroll records; and violation of Labor Code sections 212 and 226 [¶] . . . shall be resolved exclusively through the [grievance] procedures . . . and shall not be brought in a court of law or before any administrative agency." JJ Nguyen and the union likewise "mutually agreed that . . . any and all violations . . . that are . . . listed in section 2699.5 of the California Labor Code and would be redressable" under PAGA "shall be resolved exclusively through the [grievance] procedures . . . and shall not be brought in a court of law or before any administrative agency." Under the operative CBA, the union "expressly waives the requirements of PAGA and authorizes the permanent arbitrator to award any and all remedies otherwise available under the California Labor Code, except the award of penalties under PAGA that would be payable to the Labor and Workforce Development Agency."

3

In its reply brief, JJ Nguyen argued that the PAGA waiver in the operative version of the CBA required Camberos to arbitrate his claims.

The trial court denied JJ Nguyen's motion, concluding that the operative CBA's grievance procedure was not mandatory because it used the phrase " 'may file a grievance' " instead of " 'mandatory language such as "shall" or "must." ' "[3] (Boldface omitted.) JJ Nguyen timely appealed.

## II. DISCUSSION

Because the evidence is not in conflict, we review de novo the trial court's denial of arbitration. (See *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.) JJ Nguyen contends that the operative CBA, including its PAGA waiver, requires Camberos to arbitrate his claims. While also defending the trial court's contrary interpretation of the CBA, Camberos urges affirmance on the alternative ground that JJ Nguyen did not demand arbitration under the operative CBA before filing its motion. (See *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633, 640–642 (*Mansouri*).)[4] JJ Nguyen disputes application of the demand requirement, relying on *Hyundai Amco America, Inc. v. S3H, Inc.* (2014) 232 Cal.App.4th 572, 574–578 (*Hyundai*) on the ground that Camberos sued before it moved to compel arbitration. Alternatively, JJ Nguyen contends that it satisfied any statutory obligation by requesting arbitration under the prior CBA. As we will explain, we find *Mansouri* persuasive on the undisputed facts here: JJ Nguyen is not entitled to an order compelling arbitration because it did not demand arbitration under the operative CBA before filing its motion.

---

[3] The trial court cited exhibit A to Tran's declaration, which was the refiled copy of the earlier version of the CBA. The operative CBA was exhibit B to Tran's declaration. The court did not address the PAGA waiver in its analysis.

[4] Camberos also argues the arbitration agreement is invalid because it would deprive Camberos of substantive rights to minimum and overtime wages.

## A.     Mansouri *and* Hyundai

Section 1281.2 requires a trial court to compel arbitration "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, . . . if [the court] determines that an agreement to arbitrate the controversy exists . . . ." (Stats. 2018, ch. 106, § 1.)

In *Mansouri*, the Third District interpreted the statute to "require a party seeking to compel arbitration to plead and prove a prior demand for arbitration under the parties' arbitration agreement and a refusal to arbitrate under the agreement." (*Mansouri*, *supra*, 181 Cal.App.4th at p. 640.)  A "demand and refusal is what requires and justifies the intervention of the court to order arbitration under the agreement." (*Id*. at p. 641.)  The court accordingly required "the pleading and proof" or three essential elements: "(1) the parties' written agreement to arbitrate a controversy [citation]; (2) a request or demand by one party to the other party or parties for arbitration of such controversy *pursuant to and under the terms of their written arbitration agreement;* and (3) the refusal of the other party or parties to arbitrate such controversy *pursuant to and under the terms of their written arbitration agreement*." (*Ibid*.)  The court reasoned that "[i]t makes no sense [to read the statutory language] to allow a petitioner to compel arbitration on allegations and proof of a written agreement to arbitrate the controversy" where the petitioner has presented only "allegations and proof" that what "was offered and refused" was "arbitration under some other statutory scheme or contract." (*Ibid*., fn. omitted.)

Consistent with its interpretation of the statute, the *Mansouri* court vacated an order compelling arbitration despite the parties' agreement to submit disputes to arbitration before a panel of three arbitrators. (*Mansouri*, *supra*, 181 Cal.App.4th at pp. 643, 640.)  A homeowners' association requested binding arbitration of a condominium owner's claims before a single arbitrator, and Mansouri, the condominium owner, expressed a preference for litigation. (*Id*. at p. 642.)  Because the association

5

never offered arbitration before a three-arbitrator panel, Mansouri could not be said to have refused this. (*Ibid.*) The court was "not convinced . . . that Mansouri would have rejected arbitration" under the agreement, had it been offered before the association petitioned to compel arbitration, so the court declined to excuse the association's failure to request arbitration consistent with the terms of the agreement. (*Ibid.*)

Four years later, however, the Fourth District, Division Three, distinguished *Mansouri* on its facts. (See *Hyundai*, *supra*, 232 Cal.App.4th at p. 574.) Hyundai, a general contractor, and S3H, a subcontractor, entered a services agreement with an arbitration provision. (*Id*. at pp. 574–575.) Hyundai sued S3H alleging claims that included breach of the contract. (*Id*. at pp. 575–576.) The *Hyundai* court held that S3H did not have to plead and prove a demand to arbitrate and refusal because Hyundai's decision to file suit rather than initiate arbitration established its refusal to arbitrate. (*Id*. at p. 577.) This distinguished *Mansouri*, where the association petitioned to compel arbitration after offering arbitration on terms that did not match the arbitration agreement.[5] (*Hyundai*, at pp. 577–578.)

**B.** *Application*

Following *Mansouri*, we will affirm the trial court's denial of JJ Nguyen's petition on the facts here. As in *Mansouri*, JJ Nguyen demanded arbitration under a contract that did not require Camberos to accept but now seeks to enforce a different arbitration agreement. JJ Nguyen did not establish a prior demand and refusal of arbitration under the CBA it only later asked the court to enforce. (See *Mansouri*, *supra*, 181 Cal.App.4th at pp. 641, 643.) Nor has it shown that we should excuse this failure because Camberos filed suit.

---

[5] The *Mansouri* opinion does not reflect that Mansouri filed suit before the association secured an order compelling arbitration. (See *Mansouri*, *supra*, 181 Cal.App.4th at pp. 636–637.)

6

In its moving papers, JJ Nguyen relied on counsel's declaration attaching an outdated CBA, attesting (to counsel's knowledge) that the agreement was still in effect, and attaching a prefiling letter between counsel about the prior CBA. The attached CBA indicated that it covered the period from July 1, 2019, to June 30, 2022, such that it did not cover the end of Camberos's employment in July 2022. In the attached letter, JJ Nguyen requested arbitration of all claims under the prior CBA quoting language subjecting meal and rest period claims to the grievance procedure. JJ Nguyen did not articulate any basis on which any of Camberos's other claims could be subject to arbitration under the prior CBA.[6] Counsel declared that Camberos responded, " 'we can deal with that in [c]ourt via motion or otherwise.' "

In his opposition brief, Camberos argued that the CBA did not apply to the last month of his employment and that the grievance procedure did not cover his claims. It was only in replying to Camberos's opposition that JJ Nguyen considered the *operative* CBA and alerted Camberos to its terms.[7] In the reply brief, JJ Nguyen argued that the operative CBA was the one that governed arbitrability of all Camberos's claims and invoked the PAGA waiver.

This sequence of events raises the same problem addressed by *Mansouri*. JJ Nguyen did not establish how Camberos would have responded to a demand under the operative CBA, because JJ Nguyen relied on one it implicitly concedes was inoperative.

---

[6] In the moving brief, JJ Nguyen argued only that "it would serve judicial efficiency to arbitrate th[e] remaining claims," to the extent the other claims shared what JJ Nguyen characterized as "the same nucleus of operative facts."

[7] Tran declared that she sent Camberos's counsel a copy of the PAGA waiver before the motion to compel was filed. But the e-mail she attached to her declaration, which does not identify the recipient's e-mail address, merely said "[p]lease see attached the private attorney general act waiver" and attached a copy of the one-page PAGA waiver by itself. Nothing in the one-page copy or the e-mail disclosed where the document came from or that it was part of a CBA.

7

To validly waive the employees' right to a judicial forum, "a collective bargaining agreement must 'contain a *clear and unmistakable waiver* of the covered employees' rights to a judicial forum' relating to the statutory claims alleged in the complaint." (*Wilson-Davis v. SSP America, Inc.* (2021) 62 Cal.App.5th 1080, 1093.)  The analysis of that question differs substantially as between the two versions of the CBA.  The first proffered version—beyond expiring before the employment ended—lacked anything that could be described as a waiver of the judicial forum as to most of the wage and hour claims at issue.  The second and operative version provided that all claims arising under the Labor Code and Industrial Welfare Commission wage orders touching on the subjects raised by the complaint could not be brought in court.  That Camberos would proceed in court despite JJ Nguyen's reliance on the former does not show he would have made the same choice if properly presented with the latter.  To be sure, even after JJ Nguyen filed its reply, Camberos continued to pursue his lawsuit in court—opposing JJ Nguyen's motion and defending the trial court's denial in this appeal.  But he was entitled, given *Mansouri,* to consider the late stage at which JJ Nguyen at last invoked the operative version of the CBA:  The calculus is different when one is presented with an arbitration agreement before filing suit, or even before a section 1281.2 motion is filed, than when one has invested resources defending a motion that relied on an inoperative contract in derogation of published appellate authority.[8]  (See *Mansouri*, *supra*, 181 Cal.App.4th at p. 641 [holding that statute requires demand for arbitration and refusal under the written arbitration agreement that requires arbitration].)  Nor does Camberos's appellate

---

[8] Beyond the absence of demand and refusal, JJ Nguyen did not satisfy its obligation to include with its petition a copy of the arbitration agreement or the verbatim terms of the arbitration agreement.  (See, e.g., *West v. Solar Mosaic LLC* (2024) 105 Cal.App.5th 985, 992.)  Rather, it relied on an outdated CBA, which JJ Nguyen admitted in its reply brief to the trial court did not control the arbitrability issue for any claim, that lacked the term that is the centerpiece of its appellate brief.

invocation of alternate grounds for affirmance demonstrate that he would have refused arbitration on the strength of those arguments alone.[9]

*Hyundai* is distinguishable. There, Hyundai sued on the very contract by which the parties to the suit agreed to arbitration. (*Hyundai*, *supra*, 232 Cal.App.4th at pp. 575–576, 577–578.) That shows both knowledge and defiance of the arbitration provision. Here, Camberos did not personally agree to the CBA, the union representing him agreed to the CBA on his behalf. (See generally *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 542.) Although Camberos as a member of the bargaining unit is generally bound by the terms of a CBA (see generally *Porter v. Quillin* (1981) 123 Cal.App.3d 869, 874), there is no evidence that Camberos was aware of the CBA JJ Nguyen asks us to enforce until after he filed suit and then opposed JJ Nguyen's motion to compel arbitration.

JJ Nguyen did not establish its entitlement to an order compelling arbitration under section 1281.2. (See *Mansouri*, *supra*, 181 Cal.App.4th at p. 641.) We will affirm the trial court's order denying JJ Nguyen's motion.

## III.   DISPOSITION

The June 27, 2024 order denying JJ Nguyen's motion to compel arbitration is affirmed. In the interests of justice, the parties shall bear their own costs on appeal.

---

[9] Camberos, following the trial court, claims that permissive language in the operative CBA's grievance provision means that the grievance procedure is optional, such that claims subject to the PAGA waiver may still be prosecuted in court. But the PAGA waiver in the operative CBA is expansive in scope and explicit that covered claims may be raised in the grievance process and not "in a court of law." As to Camberos's contention that the arbitration would deprive him of substantial rights, the express terms of the CBA permit him to pursue his substantive claims through the grievance procedure.

9

_____

LIE, J.

WE CONCUR:

_____

GROVER, Acting P. J.

_____

WILSON, J.

*Camberos v. JJ Nguyen, Inc.*
H052524